UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN


**DAVID LOOP**
  Plaintiff

**v.**                           No. 1:07CV-00172-J

**MICHAEL ASTRUE**
  Commissioner of Social Security
  Defendant


**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

  This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Charles Burchett. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 13 and 14, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

  The final decision of the Commissioner was rendered on January 24, 2002, by administrative law judge (ALJ) Randolph Schum. In support of his decision denying Title II and Title XVI benefits, Judge Schum entered the following numbered findings:

  1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2005.

  2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

  3. The claimant has the following severe impairments: degenerative disc disease and obesity (20 CFR 404.1520(c) and 416.920(c)).

  4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently. He can stand/walk for up to six hours during a routine workday. He can sit for up to six hours during a routine eight-hour workday. He should only occasionally climb, stoop and crawl.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 9, 1962, and was 41 years old on the alleged disability onset date, which is defined as a younger individual (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966). However, since the claimant's residual functional capacity is consistent with a full range of light work, a finding of "not disabled" is directed by Medical-Vocational Rule 202.17 (SSR 83-11).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from 9/15/03 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 24-28).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*,

923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

The plaintiff alleges that he became disabled on September 15, 2003, at age 41, due to degenerative disc disease and obesity. On that date, the plaintiff went home from work and the next morning he was unable to walk. He required an ambulance to take him to the hospital. On December 18, 2003, he fell and hurt his back. He was released from the hospital the next day. In March of 2004, he sought treatment at the University of Louisville Health Care Hospital for complaints of ongoing low back pain. In April of 2004, he began a round of lumbar epidural steroid

injections and filed the present claim for Social Security disability benefits. In that same month, he was evaluated at the request of the Commissioner by James Ramsey, M.D. Dr. Ramsey opined that the plaintiff's back impairment "is expected to resolve ... in 12 months from date of injury" (AR, p. 120). In October of 2004, the non-examining state agency program physician, Margaret Stubbs, completed the physical residual functional capacity (RFC) assessment form, which the ALJ eventually accepted as persuasive (AR, pp. 131-138).

In February of 2005, the plaintiff experienced another fall. In September of 2005, at the request of counsel, the plaintiff's treating physician, Richard Wan, completed a physical capacity evaluation form, which the plaintiff now contends the ALJ was obliged to accept (AR, p. 161). It is undisputed that acceptance of Dr. Wan's findings would preclude all types of work and render the plaintiff disabled.

The plaintiff's first numbered contention is that the ALJ's credibility analysis was erroneous for the following reasons (Docket Entry No. 13, p. 4):

> The ALJ's rationale for rejecting the plaintiff's allegations were that the claimant had received little recent treatment; initially responded well to injection therapy which allowed him to go a year between appointments; and that he had not undergone a second series of injections [AR, p. 26]. He is mistaken on all three of these stated reasons.

As indicated above, the ALJ's dispositive RFC finding was based upon acceptance of Dr. Stubbs' assessment. The ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible" (AR, p. 26). In other words, the ALJ found the degree of limitation alleged by the plaintiff to be credible only to the extent of Dr. Stubbs' findings. Because Dr. Stubbs' findings were independent

of the ALJ's opinion and were not based upon the "mistakes" that allegedly infected the ALJ's credibility rationale, the magistrate judge concludes that the alleged mistakes were, at worst, harmless error.

Alternatively, the magistrate judge finds that the ALJ was not materially mistaken in his credibility rationale for the reasons identified by the Commissioner in his fact and law summary (Docket Entry No. 14, pp. 3-6). The Commissioner's credibility determination is an open-ended multi-factors approach. See 20 C.F.R. §§ 404.1529 and 416.929 ("How we evaluate symptoms, including pain") and Social Security Ruling (SSR) 96-7p. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001). The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir., 1986). An ALJ's opportunity to observe the appearance and demeanor of a claimant during the hearing is invaluable and will not "lightly be discarded" by a reviewing court. *Villarreal v. Secretary*, 818 F.2d 461, 463 (6th Cir., 1987). The notion that special deference is owed to a credibility finding by a trier of fact is deeply embedded in our laws. The opportunity to observe the demeanor of a witness, to evaluate what is said in light of how it is said, and to consider how it fits in with the rest of the evidence gathered is invaluable and should be give proper consideration. *Beavers v. Secretary*, 577 F.2d 383, 387 (6th Cir., 1978). The magistrate judge concludes that the plaintiff has failed to show that the ALJ acted outside his province or abused his discretion in reaching his credibility findings.

Next, the plaintiff contends that the ALJ's evaluation of his obesity did not comport with applicable legal standards. The record reflects that the plaintiff weighed 275 pounds in March of

2004, and 330 pounds in February of 2005, and that his height is 5'8"(AR, pp. 127 and 157). At the administrative hearing, the plaintiff testified that he is 5'6" to 5'7" and normally weighs between 275 and 280 pounds but he currently weighs 310 pounds (AR, p. 183). In his written decision, the ALJ acknowledged that the plaintiff suffers from "severe," or vocationally significant, obesity. ALJ's Finding No. 3.

This case was denied at the fifth and final step of the sequential evaluation process. Social Security Ruling (SSR) 02-01p provides that at step five, obesity is relevant only to the extent it affects a claimant's RFC. As indicated above, the ALJ's RFC finding was based upon acceptance of the findings of the state agency physician, Dr. Stubbs. Dr. Stubbs, in turn, based her findings upon a diagnosis of obesity (AR, p. 131). Furthermore, at the administrative hearing, the ALJ asked the plaintiff if the extra weight was causing him problems, and the plaintiff stated "[n]ot really, I mean, I've always been able to do okay, it's just been strictly the pain so far" (AR, p. 184). The magistrate judge concludes that the plaintiff has failed to demonstrate that the ALJ's determination of his RFC failed to adequately take into account the limiting effects of his obesity. Therefore, the ALJ's decision comported with the applicable legal standards for evaluating obesity.

Next, the plaintiff contends that the ALJ erred in failing to give controlling weight to Dr. Wan's assessment (AR, p. 161). The magistrate judge concludes that the ALJ identified substantial bases for declining to give controlling weight to Dr. Wan's RFC assessment, to-wit (AR, pp. 26-27):

1. As a threshold matter, an RFC must satisfy the so-called duration requirement, to-wit, the limitation must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

8

2. As indicated above, the plaintiff has experienced at least two falls. In December of 2003, he fell and hurt his back. In April of 2004, Dr. Ramsey opined that the plaintiff back impairment "is expected to resolve ... in 12 months from date of injury" (AR, p. 120). In February of 2005, the plaintiff experienced another fall and another set-back in his condition. In September of 2005, Dr. Wan completed his assessment (AR, p. 161).

3. Dr. Wan provided only a <u>current</u> assessment of the plaintiff's limitations. He did not indicate that he anticipated that the same degree of restriction would last for a continuous period of at least 12 months or that he believed that the plaintiff had reached maximum medical improvement following his most recent fall. Therefore, as a threshold matter, Dr. Wan's assessment does not satisfy the duration requirement.

4. RFC findings by medical sources, especially those that are "dispositive of a case; i.e., that would direct the determination or decision of disability," are deemed to be more akin to legal conclusions of disability than genuine medical opinions and, as such, are entitled to no "special significance." 20 C.F.R. §§ 404.1527(e) and 416.927(e).

5. Among other things, Dr. Wan opined that, in an eight-hour workday, the plaintiff can sit for only one hour and can stand/walk for only 15 minutes (AR, p. 161). These findings do not allow for any type of full-time work. Dr. Wan did not "know," in the sense of an objective medical fact, that, if properly motivated to work, the plaintiff would be limited to this extent. Therefore, as a threshold matter, Dr. Wan's disabling findings are not genuine "medical opinions."

6. A treating source's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

7. On the form, when asked to comment on the basis for his findings, Dr. Wan responded "difficulty walking, unable to do any kind of labor work" (AR, p. 161). The magistrate judge concludes that, even if Dr. Wan's opinions are deemed to be medical opinions satisfying the duration requirement, they are not supported by sufficient objective medical data to be entitled to controlling weight. Therefore, the ALJ identified a substantial basis for declining to give controlling weight to Dr. Wan's disabling opinions.

Next, the plaintiff argues that, to the extent Dr. Wan failed to identify an adequate objective basis for his opinions, the ALJ was obliged to recontact Dr. Wan for clarification. The argument is unpersuasive because the Commissioner is required to recontact a medical source only when the evidence is "inadequate for us to determine whether you are disabled." 20 C.F.R. §§ 404.1512(e) and 416.912(e). Dr. Stubbs' opinion provided an adequate basis for the ALJ's denial decision. See 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i) (state agency program physicians are "highly qualified physicians ... who are also experts in Social Security disability evaluation").

This case was denied at the fifth and final step of the sequential evaluation process based upon a direct application of Rule 202.17 of Appendix 2 of the regulations, the so-called medical-vocational guidelines, or grids. The plaintiff's final contention is that the ALJ erred in finding as follows (AR, p. 28):

> Since the claimant has the [RFC] to perform the full range of light work, a finding of "not disabled" is directed by Medical-Vocational Rule 202.17. There were not any non-exertional limitations in the [RFC] adopted by the undersigned. The impartial vocational expert [VE] testified the claimant could perform a full range of light work in light of the [RFC] adopted by the undersigned.

A direct application of the grids is appropriate unless the claimant suffers from a non-exertional impairment that significantly erodes the occupational base for the full range of work available at a

10

given exertional level.  See *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986).  The VE indicated that the RFC eventually adopted by the ALJ would not significantly erode the occupational base for "light" work.  The plaintiff declined to cross-examine the VE on this matter.  The magistrate judge concludes that the VE's testimony satisfied the Commissioner's fifth-step burden of going forward with evidence of non-disability and warranted a direct application of Grid Rule 202.17.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).